IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BERNARD S. BRYANT, | § | |
| | § | No. 236, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below:  Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID. No. 1507016236B |
| STATE OF DELAWARE | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  February 8, 2017
Decided:    February 8, 2017

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## **O R D E R**

(1)    There are only two issues on this appeal.  The first is whether there was reasonable and articulable suspicion for Wilmington Police Department Officer Brandon Mosley to stop Bernard Bryant on the evening of July 20, 2015 at 11:30 p.m. near Vandever Avenue in Wilmington.  Officer Mosley was driving his patrol vehicle and noticed a group of approximately ten individuals loitering near a vacant property.  Officer Mosley exited his vehicle, at which point Bryant—who was one of the ten individuals—looked directly at Officer Mosley, grabbed his waistband, and began to flee.  The parties agree that the stop started when Bryant fled and Officer Mosley pursued him and demanded that he stop.  Bryant did not

comply and during his flight, Bryant dropped a firearm on the ground and the magazine separated from the firearm. Bryant was convicted of, among other things, Carrying a Concealed Deadly Weapon. For the reasons cited by the Superior Court in its bench decision of January 21, 2016, there were ample facts to establish reasonable and articulable suspicion to conduct the stop.[1]

(2)  The second issue is whether Officer Mosley somehow gave impermissible expert testimony at trial when he testified that Bryant "was displaying the characteristics of an armed gunman" when Bryant grabbed for his waistband after Officer Mosley exited his patrol car.[2] Bryant argues that the State somehow failed to identify Officer Mosley as an expert and thus unfairly sprung Officer Mosley on him as an expert witness who "profiled" Bryant as an armed gunman impermissibly at trial. This argument is without merit for several reasons. First, the argument that the State did not properly identify Officer Mosley as an expert before trial was not fairly presented to the Superior Court and is waived absent plain error,[3] which does not exist here.[4] Likewise, as the Superior Court

---

[1] *See Jones v. State*, 745 A.2d 856, 861 (Del. 1999) ("We have defined reasonable and articulable suspicion as an 'officer's ability to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant th[e] intrusion.' A determination of reasonable suspicion must be evaluated in the context of the totality of the circumstances as viewed through the eyes of a reasonable, trained police officer in the same or similar circumstances, combining objective facts with such an officer's subjective interpretation of those facts.") (quoting *Coleman v. State*, 562 A.2d 1171, 1174 (Del. 1989)).

[2] App. to Appellant's Opening Br. at A048 (Trial Tr. Jan. 22, 2016).

[3] Supr. Ct. R. 8.

2

properly found, Officer Mosley's testimony was relevant and based on his own impressions as a fact witness, and given the subject matter of the issue addressed by the testimony, would also be admissible under Delaware Rule of Evidence 701 as lay witness testimony.[5] Finally, even if this evidence was somehow inadmissible, its admission would not sustain reversal because any error was entirely harmless. Bryant was convicted of Carrying a Concealed Deadly Weapon, Resisting Arrest, Possession of a Firearm by a Person Prohibited, and Possession of Ammunition by a Person Prohibited based on undisputed evidence that he was in fact in possession of both a firearm and ammunition when he ran from Officer Mosley and the firearm and ammunition fell to the ground from under his clothing.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[4] *See Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986) ("[T]he doctrine of plain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice.").

[5] Rule 701 states:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702.

D.R.E. 701.